By the Court.
 

 The plaintiff, Georgia Robertson, sustained injuries when a bus of the defendant, Penn-Ohio Coach Lines Company, on which she was riding as a passenger went into a ditch and struck a telephone pole on May 21,1937. The accident happened on state route 18 about half a mile east of Rootstown, Portage county, Ohio.
 

 The plaintiff brought an action in the Court of Common Pleas of Summit county and on trial was given a verdict against such defendant in the sum of $10,000 for damages resulting from the negligence of the defendant proximately causing such injuries. With such defendant the plaintiff joined other persons but against the latter there was no verdict or judgment. It is not important to refer further to others than the plaintiff and defendant named herein.
 

 
 *137
 
 After verdict the defendant filed three motions: (1) A motion for a judgment in defendant’s favor upon the special findings of fact returned by the jury in its answers to interrogatories; (2) a motion for judgment in defendant’s favor
 
 non obstante veredicto;
 
 and (3) a motion for a new trial. The three motions were filed on the same day and in the order indicated above.
 

 The journal entry of the trial court recites that these three motions were heard and submitted together. Thereafter the following additional recital appears: “On consideration thereof the court overrules the motions of the defendant Penn-Ohio Coach Lines Company, to wit, motion for judgment notwithstanding the general verdict of the jury and motion for a new trial, and the court sustains the motion of the defendant Penn-Ohio Coach Lines Company for judgment on the special findings of the jury and notwithstanding the general verdict of the jury in favor of the plaintiff Georgia Robertson. And the court coming now to enter judgment upon such finding, it is ordered and adjudged that the general verdict of the jury heretofore returned herein be vacated, set aside and held for naught, and it is further ordered by the court that judgment be and the same hereby is entered in favor of the defendant Penn-Ohio Coach Lines Company and against the plaintiff Georgia Robertson, and it is further ordered that said defendant Penn-Ohio Coach Lines Company go hence without day and recover from the plaintiff Georgia Robertson its costs herein expended taxed at $.........”
 

 On appeal the Court of Appeals reversed the judgment of the Court of Common Pleas for error in rendering judgment in favor of the defendant upon the special findings of fact returned by the jury, and remanded the cause to the trial court with directions to consider and pass upon the motion for judgment
 
 non obstante veredicto,
 
 and if that be overruled to pass upon the motion for a new trial.
 

 
 *138
 
 The theory of the appellate court is stated in this language: “It is apparent that, after the court made final disposition of the case by its ruling on the motion first filed, it thereby incapacitated itself to rule upon the motion for a new trial, subsequently filed. Furthermore, from the finding of the trial court filed prior to the entry of judgment, it is apparent that the court intended to rule only upon the motion for judgment on the special findings, and did not consider the other motions.”
 

 It is what the trial court did and not what it previously intended that controls. The trial court had jurisdiction to pass on all the motions, and the orders with respect thereto are not inconsistent with each other or with the judgment for the defendant that was thereafter entered. The appellate court had no power to enter a judgment of reversal until it had determined whether the judgment in the trial court was justified by the evidence as a matter of law. This question was raised in the trial court by the defendant’s motion for judgment
 
 non obstante veredicto.
 
 The judgment for the defendant in the trial court would not be prejudicially erroneous if the motion
 
 non obstante veredicto
 
 should have been sustained.
 

 The overruling of the motion for a new trial, however, was not a final order and there could be no review of the alleged error in that respect until entry of judgment on the verdict in favor of the plaintiff if that eventuality should ever occur.
 

 The judgment of the Court of Appeals is affirmed insofar as it finds that the trial court committed error in sustaining the motion of defendant for judgment on the special findings of fact. In all other respects the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals with directions to review the action of the Court of Common
 
 *139
 
 Pleas in overruling the motion of the defendant for judgment
 
 non obstante veredicto.
 

 Judgment affirmed in part and reversed in part.
 

 "Weygandt, C. . J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.